Belknap,
June 7, 1904.

### ASHMAN, *Ex'r*, *v.* HARRIMAN & *a.*

In the interpretation of a will, the word " debts " held to have been used to designate the unsecured claims against the estate, and not in the more restricted sense of " store debts."

BILL IN EQUITY, by the executor of the will of Abbie D. Harriman, praying the advice and direction of the court. The parties interested in the estate are the widower of the testatrix and her three children by a former husband. All answered, requesting a determination of their rights in the estate. Trial at the November term, 1903, of the superior court before *Peaslee*, J.

*Jewell, Owen & Veazey*, for the executor.

*Beckford & Hibbard*, for J. Frank Harriman.

*Jewett & Plummer*, for the children of the testatrix.

BINGHAM, J. The controversy in this case relates to the construction of a will wherein the testatrix bequeathed and devised to her husband, in the words following: " The land which I own in Lakeport, now used or occupied for bill-boards. . . . Also . . . the stable on the premises where we reside, upon his paying the mortgage upon the same. . . . Also . . . the use and occupancy of the front room in my house, situated on the lower floor, during his life, or during his residence in Laconia. . . . Also . . . all the goods or stock of goods in the store now occupied by him, he paying the debts and upon paying to each of my children the sum of five hundred dollars."

The will contained no other provision for the payment of debts. The testatrix had three children by her former husband, to whom she gave the residue of her estate in equal shares.   Her estate consisted of some household furniture, an unimproved tract of land in Lakeport worth $800, on which her predecessor in title had placed a mortgage for $500, a homestead worth $2,400 on which she had placed a mortgage for $500, and a stock of goods worth $4,000.   She owed $600 on the goods, and other unsecured debts amounting to $1,100.

In the superior court the will was construed and the rights of the parties defined, as follows:   The widower takes a fee in the Lakeport land; a fee in the barn and so much of the home lot as lies easterly of the westerly line of the portion of the barn northerly from the house, produced to the northerly and southerly sides of the lot; he shall pay all the debts of the deceased and pay the children $500 each.   The children take the remainder of the estate in equal shares.

The husband objects to paying the indebtedness of $1,100, and says that in this particular the superior court erred in construing the will.   He concedes that he should pay the store debts of $600. The question presented, therefore, is whether the testatrix intended by her will to require the husband to pay the indebtedness of $1,100, or that the property which she gave the children should be diminished by that amount.

By the will the testatrix specifically disposed of all her property except the portion of the home place and the household furniture which made up the residue of her estate, and which she gave to the children.   To free this residue from liability to pay the mortgage on the home place, she provided that the husband should pay it.   The indebtedness upon the Lakeport property was not hers; hence no necessity for such a provision.   The value of the household furniture is not given, but it is probable that it is less than the indebtedness of $1,100.   In view of these circumstances and the provision in the will requiring the husband to pay "the debts," the weight of competent evidence is in favor of the construction that the words "the debts" were used to designate the 'unsecured debts, and not in the restricted sense of "the store debts," and that the testatrix did not intend to subject the furniture she had given the children for their home, and their portion of the homestead place which she had freed from the mortgage that was upon it, to the payment of the indebtedness of $1,100. '

*Exception overruled.*

All concurred.